FRANK CAVALLO ET AL. *v.* DERBY SAVINGS BANK ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued June 2—decision released September 7, 1982

*William F. Gallagher*, with whom were *David Ertman* and, on the brief, *Elizabeth A. Dorsey*, for the appellants (plaintiffs).

*Wesley W. Horton*, with whom was *David J. Wenc*, for the appellee (defendant David Lewis, Trustee).

SPEZIALE, C. J. The issue presented in this case is whether one who does not appeal a judgment of strict foreclosure may use the new trial statute[1] as a substitute for an appeal without showing fraud, accident, or neglect.

On March 3, 1980, a judgment of strict foreclosure was entered on real property of the plaintiffs-appellants, Frank and Dena Cavallo, in an action entitled *Small Business Investment Co. v. Cavallo*.[2] The plaintiffs did not appeal from that judgment, nor did they redeem the property by their law day, July 22, 1980. The property was redeemed by the defendant-appellee David Lewis on July 24, 1980.

---

[1] "[General Statutes] Sec. 52-270. CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. The superior court may grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of a cause."

[2] *Small Business Investment Co. v. Cavallo*, Superior Court, judicial district of New Haven, Docket No. 79-0175088 S, July 24, 1980. Later proceedings in that case are the subject of a companion appeal, also decided this day. See *Small Business Investment Co. v. Cavallo*, 188 Conn. 286, 449 A.2d 988 (1982).

On September 23, 1980, the plaintiffs filed this action, asking for a new trial, a declaratory judgment vacating and rendering void the foreclosure judgment, and temporary injunctive relief against the execution of the foreclosure judgment. The basis of the complaint was that the foreclosure judgment was inequitable due to fraud, accident, mistake, and the resulting failure to present a just defense to the foreclosure action. The defendant Lewis made a motion to strike the complaint. The trial court, *Cretella, J.*, ruled the complaint did not allege any facts which would "bring the instant case within any of the recognized grounds for such equitable relief," and granted the motion to strike the complaint. The plaintiffs failed to plead over and the trial court, *Mancini, J.*, rendered judgment for the defendant Lewis from which the plaintiffs appealed.[3]

The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice; *Governor's Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 36 Conn. Sup. 144, 145, 414 A.2d 1177 (1980); and "[w]here an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleader. *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 [1980]; *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 [1973]; *Senior* v. *Hope,* 156 Conn. 92, 97, 239 A.2d 486 [1968]; *Rossignol* v. *Danbury School*

---

[3] Although the judgment file is labeled "partial judgment," this is a misnomer because effectively the judgment was final as to all parties.

*of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418 [1967].*"* *Amodio* v. *Cunningham,* 182 Conn. 80, 82–83, 438 A.2d 6 (1980).

The essential allegations of the complaint are as follows: The foreclosure action was brought on October 16, 1979, by the Small Business Investment Company. In December, 1979, the plaintiffs hired an attorney to represent them in the foreclosure action. Sometime in early 1980, the department of children and youth services indicated to the plaintiffs that the state would intercede with their creditors. Apparently as the result of that assertion, but while the foreclosure action was still pending, the plaintiffs discharged their attorney. In February, 1980, (whether before or after the attorney was discharged is unclear), their attorney told them that he believed counsel for the Small Business Investment Company had agreed to let a judgment hearing go "off" the docket of March 3, 1980.

On March 3, 1980, however, a judgment of strict foreclosure was entered against the plaintiffs and law days were set beginning July 22, 1980. The plaintiffs further allege that they did not appear at the hearing. Lewis redeemed the property on July 24, 1980.

"Courts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his [or her] own part. *Folwell* v. *Howell,* 117 Conn. 565, 169 A. 199 [1933]; *Dante* v. *Dante,* 93 Conn. 160, 105 A. 353 [1919]; *Jarvis* v. *Martin,* 77 Conn. 19, 58 A. 15 [1904]; *Smith* v. *Hall,* 71 Conn. 427, 42

A. 86 [1899]; *Carrington* v. *Holabird,* 17 Conn. 530, 537 [1846], 19 Conn. 83, 87 [1846] . . . ." *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230, 171 A. 438 (1934). "Fraud, accident, mistake, and surprise are recognized grounds for equitable interference, when one, without his [or her] own negligence, has lost an opportunity to present a meritorious defense to an action, and the enforcement of the judgment so obtained against him [or her] would be against equity and good conscience, and there is no adequate remedy at law." *Lithuanian Brotherhelp Society* v. *Tunila,* 80 Conn. 642, 645, 70 A. 25 (1908). "Equity will not, save in rare and extreme cases, relieve against a judgment rendered as the result of a mistake on the part of a party or his [or her] counsel, unless the mistake is 'unmixed with negligence,' or . . . 'unconnected with any negligence or inattention on the part of the judgment debtor . . . .' " *Jarvis* v. *Martin,* 77 Conn. 19, 21, 58 A. 15 (1904); see *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 434 A.2d 341 (1980).

The complaint shows that the plaintiffs dismissed their attorney while the action was still pending, failed to attend a scheduled judgment hearing, failed to appeal the judgment of foreclosure, and failed to redeem the property on their law day. The complaint alleges no fraudulent conduct by a party. What is most clearly shown is the plaintiffs' failure to take any action to challenge the foreclosure judgment itself or to seek other relief until after their law day. The trial court found that the allegations of fraud, mistake, accident, and improper management were "merely conclusions of law and absent sufficient alleged facts to support them, are subject to a motion to strike." We agree. The trial court

may not seek beyond the complaint for facts not alleged; see *Ivler* v. *Stanton,* 161 Conn. 568, 570, 287 A.2d 742 (1971); and this court will not.

There is no error.

In this opinion the other judges concurred.