[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 129)
Defendants have filed a motion to strike the seventh count of the second amended complaint contending that the allegations are not sufficient to support a claim for "bystander emotional distress."
This action arises out of an accident which occurred on March 3, 1989 when the plaintiffs' decedent, Malinda Portee, was struck and killed by a school bus after exiting it. The plaintiffs' decedent's sister, the minor plaintiff, Cynthia Portee, was injured in the same accident.
The seventh count of the plaintiffs' second amended complaint dated August 24, 1989 is directed to the defendants Cosenza Bus Service, Ola Mae Smith (the driver of the school bus) and McGregor-Smith Leasing, Inc. (owner of the bus which was leased to Cosenza Bus Service).
The pertinent allegations in the seventh count are:
10. The plaintiffs Jimmie Portee and Pearlean Portee, parents of decedent Malinda Portee and Cynthia Portee, came on the scene, and as a result of observing the injuries to both of their daughters, the decedent Malinda Portee and Cynthia Portee, then and there suffered severe mental distress and sustained severe emotional trauma.
21. At all times mentioned in the First Count of this complaint, the plaintiffs Jimmie and Pearlean Portee were the mother and father of the decedent Malinda Portee.
23. On March 3, 1989 the plaintiffs Jimmie and Pearlean Portee came upon the scene of the accident involving their daughters Malinda Portee and Cynthia Portee and observed their injuries, pain and suffering, caused by the negligence and recklessness of the defendants as hereinbefore alleged.
24. The presence of the plaintiffs Jimmie and Pearlean CT Page 1578 Portee at the scene as herein described was probable and foreseeable to the defendants.
25. As a proximate result of the sensory and contemporaneous observation of the injuries, suffering and death of Malinda Portee and of the injuries and suffering of Cynthia Portee as hereinbefore described, resulting from the negligence and recklessness of the defendants, as hereinbefore alleged, the plaintiffs Jimmie and Pearlean Portee suffered, and continue to suffer, severe shock, grief, fright, anxiety, apprehension, extreme emotional upset and mental anguish, which injuries and conditions are likely to be permanent in nature.
Preliminarily, the court notes that the defendants have not asserted as a ground for their motion to strike that Connecticut law does not recognize a cause of action for bystander emotional distress; rather, defendants contend that the facts alleged in this complaint are not sufficient to state a cause of action for bystander emotional distress. Since the court is limited to considering the ground specified in the motion, this decision is limited to the issue raised. See Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
Both the plaintiffs and the defendants argue that the three factors outlined in Dillon v. Legg, 69 Cal.Rptr. 728,441 P.2d 912 (1968) and discussed but not explicitly adopted in Amodio v. Cunningham, 182 Conn. 80 (1980) are determinative of whether a cause of action for bystander emotional distress exists. These three factors are:
 (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it;
 (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Dillon, 441 P.2d at 740-41.
The defendants argue that the plaintiffs have failed to allege that they contemporaneously observed the accident and CT Page 1579 that such an allegation is essential under Dillon. The plaintiffs argue that it is sufficient that they alleged that they came upon the scene and had a "sensory and contemporaneous observation of the injuries, suffering and death" of their daughters.[1]
There are no appellate level cases in Connecticut establishing the necessary elements of a claim for bystander emotional distress. In Amodio v. Cunningham, the Connecticut Supreme Court specifically did not adopt the Dillon factors, but did apply them to the facts of that case. The court noted, "even were we inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." Amodio, 182 Conn. at 92. The court in Amodio construed the Dillon factors to require that the plaintiff bystander must perceive the negligent act, and the injuries to the third person must be manifest contemporaneously with the negligent act. Amodio, 182 Conn. at 91-92.
Even if the Dillon factors are necessary elements of a claim for bystander emotional distress in Connecticut, the defendants' motion to strike should be granted. Absent any allegations of how soon after the accident the plaintiffs arrived on the scene or how close to the scene the plaintiffs were located at the time of the accident, the plaintiffs' allegations are insufficient to satisfy the Dillon factors, even as they have been interpreted and expanded by some Connecticut Superior Court decisions denying motions to strike. See Dupont v. Norton's Plumbing Supplies, 2 CSCR 570 (April 29, 1987, Healey, J.) (daughter had "contemporaneous sensory perception" because she heard father cry out in pain and she was on second floor of house when father was killed in basement explosion); Mancini v. Kennedy, 3 CSCR 134 (December 23, 1987, Flynn, J.) (mother was located near the accident and arrived on the scene "within seconds" so that although she did not see the truck hit her son, she could "draw logical inferences rather than rely on reports of others" ); Dattilo v. Raccio, 10 Conn. L. Trib. No. 46, p. 13 (Super.Ct., June 20, 1984, Foti, J. ) (plaintiff father was in front yard of house, heard screeching and bang and saw daughter's body flying through air, although he did not see actual impact of automobile on daughter's body; plaintiff-mother was near rear of house and "immediately" rushed to the scene of accident); Buynovsky v. Ford Motor Company, 1 Ct. L.R. 207 (April 23, 1990, Maiocco, J.) (mother returned home to find her son pinned against the garage wall by a pickup truck with its engine running).
In all of these cases, there were allegations either locating the plaintiff bystander near the scene of the accident, or establishing that the plaintiff bystander saw or heard some CT Page 1580 part of the accident and not just its aftermath, or alleging that the plaintiff bystander arrived on the scene "within seconds." Although counsel for the plaintiffs represented certain facts during oral argument of this motion which might more closely align the subject case with those just cited, the court "may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-286 (1982).
Accordingly, the Motion to Strike is granted.
STUART M. SCHIMELMAN, Judge
FOOTNOTE