[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Wayne Gorton, has filed a complaint against the defendant, Patrick Gelormino, alleging negligent operation of a motor vehicle, in violation of General Statutes 14-243. The complaint alleges that the defendant, in the course of his employment, caused injury to the plaintiff while operating a truck owned by the plaintiff. The defendant filed an answer and special defenses, including a second special defense, which alleges that the plaintiff's "action is barred by . . . General Statutes 31-284(a)," the Workers' Compensation Act. The plaintiff has now filed a motion (#112) to strike this special defense, contending that the plaintiff's cause of action exists pursuant to General Statutes 31-293(a), and that General Statutes 31-284(a) does not bar the action.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of the pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988). If, however, the facts provable under the pleading would support any legally sufficient cause of action or defense, then the motion to strike must be denied. Mingachos v. CBS, Inc., supra, 109. In determining the legal sufficiency of the pleading, according to King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985), "We are limited to the facts alleged in the complaint." Moreover, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 449 A.2d 986 (1982).
In the present case, the plaintiff moves to strike the defendant's second special defense, which alleges that the plaintiff's negligence action is barred by General Statutes31-284(a). Section 31-284(a), entitled "Employer's Liability" provides, in relevant part:
 . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in CT Page 7644 the course of employment. . .are abolished other than rights and claims given by this chapter. . . .
The plaintiff contends that the defendant's second special defense is legally insufficient, in that General Statutes31-293a explicitly provides for a right of action against a "fellow employee" when the injury sustained occurs as a result of the fellow employee's negligent operation of a motor vehicle.
The defendant argues that the plaintiff's complaint does not allege the "fellow employee" exception, and further, that in order to avoid the statutory bar against tort claims between employers and employees set forth under General Statutes31-284(a), the plaintiff must affirmatively allege "fellow employee" status pursuant to General Statutes 31-293a.
The plaintiff's failure to allege "fellow employee" status pursuant to General Statutes 31-293a requires the court to look beyond the pleadings to determine the issues raised by his motion. Since courts may not look beyond the pleadings when determining a motion to strike, the motion is improper and is therefore denied. Cavallo v. Derby Savings Bank, supra.
So Ordered.
Dated at Bridgeport, Connecticut this 13 day of August 1992
WILLIAM B. LEWIS, JUDGE