[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE FOURTH COUNT
The plaintiff, James DeLoughery, filed a four count complaint on June 25, 1992 against defendants WG Manufacturing Company, Inc. ("WG") and its president, Irving Kroopnick ("Kroopnick"). The plaintiff alleges, in counts one and two respectively, tortious interference against WG and Kroopnick individually. In count three the plaintiff alleges breach of contract, and in count four he claims a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 41-110a et seq. Counts one, two and four are based upon the plaintiff's allegation that Kroopnick, as president of WG, tortiously interfered with DeLoughery's efforts to obtain other employment while working for WG.
On July 10, 1992, WG and Kroopnick (defendants) filed a motion to strike the fourth count of the plaintiff's complaint. The defendants challenge that count as legally insufficient in that the fourth count improperly claims a violation of CUTPA and therefore fails to state a claim upon which relief may be granted. The parties have filed memoranda in support of their respective positions.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In ruling on a motion to strike, the court must take as admitted all well pleaded facts, and construe them in the manner most favorable to CT Page 9561 the party opposing the motion. Id., 170. A court will look to the challenged pleading to determine whether the facts alleged therein "bring the case within any of the recognized grounds for that particular cause of action." Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 285, 449 A.2d 986 (1982).
The defendants argue in support of the motion to strike that count four of the plaintiff's complaint improperly alleges a CUTPA violation and is therefore legally insufficient. The defendants assert that CUTPA does not apply to disputes that arise out of the employer-employee relationship, as does the instant action. Further, the defendants argue that the allegations of the plaintiff's complaint do not constitute "trade" or "commerce" as defined by CUTPA.
The plaintiff claims, in opposition, that Kroopnick's actions, imputed to WG, occurred outside the scope of the employer-employee relationship and thereby come within the purview of CUTPA and constitute violations of that act. The plaintiff refers to a line of federal cases and FTC rulings, interpreting the Federal Trade Commission Act, 15 U.S.C. § 45, which hold that deceptive employment hiring practices affect the labor market and thereby fall within the scope of "commerce" as defined by the Federal Act. The plaintiff argues that the court should be guided by such decisions in deciding whether the defendant's actions constitute violations of CUTPA.
General Statutes 42-110b(a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive trade or practices in the conduct of any trade or commerce." "Trade" and "commerce" are defined as "the advertising, the sale or rent or lease, or the distribution of any services and property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." General Statutes 42-110a(4).
The appellate court recently addressed the issue of whether CUTPA applies to the employer-employee relationship and, in doing so, settled a split on this issue among the state superior court judges. In a case involving alleged wrongful conduct by a self insured employer in connection with an injured worker's claim for workers' compensation benefits, the appellate court held that the defendant employer's actions were outside the purview of CUTPA. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,670, ___ A.2d ___ (1992). The court affirmed the granting CT Page 9562 of a motion to strike, and stated, "[t]he relationship in this case is not between a consumer and commercial vendor, but rather between an employer and employee. There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any service or property to the plaintiff." Id., 670. The court adopted the holding in Banerjee v. Robert.,641 F. Sup. 1093 (D. Conn. 1986), and held: "the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA." Quimby, supra, 670.
"Although 42-119b(b) provides that courts and the named defendant shall be guided by the federal interpretations given 5 of the Federal Trade Commission act, they are not limited by such interpretations." (Emphasis added.) Bailey Employment System, Inc. v. Hahn, 545 F. Sup. 62, 71 (D. Conn. 1982). This court is not limited by such interpretations inasmuch as the appellate court has addressed and ruled on this issue in Quimby, supra.
In count four the plaintiff alleges, inter alia, that his former employer tortiously interfered with his efforts to seek new employment. The plaintiff does not allege that the defendants "advertised, sold, leased or distributed any services or property to the plaintiffs." Quimby, supra, 670. Further, count four of the plaintiff's complaint arises out of the employment relationship between the defendants and the plaintiff. The relationship at issue is not between a consumer and a commercial vendor, but rather between an employer and an employee. Quimby, supra, 670.
Consequently, count four of the plaintiff's complaint is legally insufficient in two respects. First, count four fails to state a cause of action under CUTPA as the allegations contained therein do not constitute "trade" or "commerce" as defined by General Statutes 42-110a(4) and as interpreted by the appellate court. Secondly, the allegations in count four arise out of the employer-employee relationship between he parties and therefore do not come within the purview of CUTPA. See Quimby, supra.
For these reasons, the motion to strike count four of the plaintiff's complaint is granted.
William L. Hadden, Jr., Judge CT Page 9563