[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDERS ON DEFENDANT GREGORY SULLIVAN'S MOTION TO STRIKE AND DEFENDANT RACHEL SULLIVAN'S MOTION TO STRIKE CT Page 10319
The defendants moved to strike on the basis that the complaint fails to allege sufficient facts in fraud counts directed against them to state the necessary elements of this cause of action. The court "may not seek beyond the plaintiff's complaint for facts not alleged", to save a complaint from being struck as legally insufficient. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86.
As to Gregory Sullivan, the plaintiffs have not alleged any misrepresentation of material fact nor any omission by way of a nondisclosure on the part of Gregory Sullivan where there was a duty to disclose. That is an essential allegation to a fraud claim. Web Press Service, Corp. v. New London Motors, Inc., 203 Conn. 342,362. Because the complaint is legally deficient absent such an allegation, the motion to strike of Gregory Sullivan is therefore granted.
In the first count directed to Rachel Sullivan, the plaintiff also pleads a theory of fraudulent inducement. However, the plaintiff does not plead that Rachel Sullivan knew that her representations as to a dry cellar in a house she was selling were false at the time she made them. Since this is a necessary averment, count one of the complaint must be struck as to her. Miller v. Appleby, 183 Conn. 51, 54-55.
Finally, the defendant Rachel Sullivan moves to strike the fourth count claiming violations of the Connecticut Unfair Trade Practices Act because the complaint fails to allege facts showing that the sellers are engaged in "unfair acts or practices in the conduct of any trade or business." An allegation that the sellers sold a house once does not logically permit an inference that they regularly do so. Section 42-110b of the General Statutes requires that the unfair or deceptive act or practice occur in the "conduct of any trade or commerce." The one time sale of a piece of personally owned real estate is insufficient to plead a violation of the CUTPA law. Rachel Sullivan's motion to strike the fourth count is granted. Because Mr. Sullivan did not address the issue in his motion to strike the court does not strike it as to him.
Flynn, J. CT Page 10320