[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE [106]
This case was returnable to this court on June 22, 1993.
The complaint is straightforward — it seeks a foreclosure of a judgment lien. Complaint, June 1, 1993.
The complaint alleges that plaintiff brought an action against the defendants Auwood in the New Haven Superior Court returnable in October 1992. Complaint, 2. "On July 14, 1993 judgment was rendered in said action that plaintiff recover of the defendants $27,134.49 and its costs taxed at $550.80. Id @ 3. A certificate of judgment lien was filed in the appropriate land records. Id @ 4. The judgment remains wholly unsatisfied. Id @ 5.
The defendants, William and Ruth Auwood, filed pro se appearances on June 22 and June 29, 1993, respectively.
On July 12, 1993, the Auwoods filed an "Answer to Plaintiffs Request For Forclosure [Sic] of Defendants Property" dated July 9, 1993. [103] In that "Answer," the Auwoods assert:
 "1. The defendants, William Auwood and Ruth Auwood claim their civil rights have been denied them by the plaintiffs.
 "2. The defendants claim the superior court of New Haven at New Haven, Connecticut also denied them a right to a fair and impartial hearing.
 "3. Defendants deny that money is owed plaintiffs as outlined in an assignment dated March, 1985 at New London, Connecticut.
 "4. Calculations and assumptions used by the plaintiffs are erroneous. CT Page 244
 "5. Defendants again state they have never received funds or payments covering costs and expenses paid by them in pursuit of antitrust litigation that extended from 1979-1990.
 "6. These expenses and costs are well above $100,000.
 "7. The Superior Court at New Haven in a probable cause hearing, assumes that the defendants did.
 "8. No evidence has been presented that the defendants did receive expenses and costs for the litigation.
 "9. On the contrary, the defendants presented evidence showing they did not.
 "10. Defendants' former counsel is presently before the Bar Council of Washington, D.C. in strict confidential matters where the defendants are requesting an accounting acceptable to the courts and laws governing escrow accounts.
 "11. Defendants former attorney, along with the plaintiff's counsel authored the "assignment" in question.
 "12. The assignment dated March, 1985 was supposed to have been forwarded by plaintiffs to the Bankruptcy Court in Hartford, Connecticut immediately for approval.
 "13. The assignment was presented to the Bankruptcy Court almost 5 years later and formally heard on the day the Liberty Theatre Corp. bankruptcy case ended.
 "14. Assignments, by law, must be properly presented so that no creditor will have an unfair advantage over other creditors. By not forwarding the "Assignment," the plaintiffs were "protected" in bankruptcy court as well as protected by the "Assignment," the defendants were unaware of this discrepancy. CT Page 245
 "15. The defendants believe this omission was done intentionally.
 "16. With the "Assignment" unapproved by the court, the plaintiff's action in Small Claims Court was illegal.
 "17. Punitive damages will be filed against the plaintiffs.
 "18. The plaintiffs told our former attorney the defendants owed in excess of "Well over $100,000 for unpaid rent. These numbers are erroneous and ludicrous.
 "19. We were told the plaintiffs were ready to foreclose on our home if we did not sign the agreement. And yet they had entered into the Liberty Theatre Corp. bankruptcy as a creditor on October 19, 1984 with unsubstantiated amounts. This was the last day allowed for creditors to file.
 "20. During bankruptcy proceedings for the Liberty Theatre and the defendants, the plaintiffs violated a federal judge's order for a stay that was granted so that the defendants could sell or rent the theatre and/or its equipment.
 "21. A Norwich, Connecticut Superior Court ruled "I may be in violation of a Federal Court order, but I'm going to do it anyway."
 "22. For this action the law allows punitive damages.
 "23. The plaintiff's former attorney and others, were thrown out of the bankruptcy court by the Honorable Robert Krechevsky with words ___ I have never in all my years on this court ever seen the treatment and abuse that Mr. and Mrs. Auwood have been put through. — out — get out now ___, and he discharged our case.
"24. When the defendants closed their Theatre they CT Page 246 were unaware that the law partner of the plaintiff's attorney was an officer of the Waterford Theatre Corp.
 "25. The Waterford Theatre was being "booked," that is, supplied with film product by Brandt Booking, Inc. A defendant in the antitrust action filed by the Auwoods and Liberty Theatre Corp.
 "26. The plaintiffs, through their attorney, were working to take over the Liberty Theatre for a minimal amount or no money by pressuring the defendants with illegal actions.
 "27. We were forced to vacate and sell equipment for a loss and suffer the humiliation of having the locks changed on the building so as not to be able to monitor the moving of the equipment. As a result, the building was stripped.
"28. Damages against Lawall Realty may be filed.
"THE ASSIGNMENT
 "29. The assignment as presented to the court is missing exhibit "A".
 "30. Exhibit "A" is the lease signed in 1975 by the plaintiffs and defendants.
 "31. The defendants claim the lease which the plaintiffs refuse to present to the court, may, under Connecticut Law be unconscionable.
 "32. If the court finds this to be so, the lease may be considered null and void from the date it was signed.
 "33. The defendants ask the court to "Throw out the plaintiffs" just as Judge Krechevsky did, and end once and forever this illegal and unlawful, fraudulent action.
 "34. If the court decides to continue this foreclosure action then the defendants request a trial by jury. CT Page 247
Answer to plaintiffs Request For Forclosure [Sic] Of Defendants Property" dated July 9, 1993. [103]
The plaintiff has filed a "Motion To Strike Defendants' `Answer Plaintiffs Request For Forclosure On Defendant's Property' (Sic) dated July 9, 1993," which motion is dated August 2, 1992. [106]
Plaintiff first relies on Section 160 of the Practice Book. It provides:
 "The defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith to controvert all the allegations, in which case he may deny them generally." P.B. 160.
A review of the contents of the defendants' "Answer" readily shows that the dictates of 160 have not been met. The defendants' July 9, 1993 "Answer, etc.," does not admit or deny any of the allegations of the complaint. Section 129 of the Practice Book provides: "Every material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless he avers that he has not any knowledge or information thereon sufficient to form a belief." P.B. 129. If defendants July 9, 1993 "Answer, etc.," is allowed to stand, defendants will have admitted all the allegations of the complaint entitling plaintiff to judgment.
The lengthy and detailed recitations of defendants' July 9, 1993 "Answer, etc.," may be defendants' attempt to state a special defense or special defenses. This is an action; to foreclose a judgment lien; the judgment lien being based on a judgment obtained in an action between these parties in the New Haven Superior Court. The assertions made by defendants in their July 9, 1993 "Answer, etc.," may have been pertinent in that action. They do not appear to be pertinent to this action to foreclose the judgment lien. The court must assume the finality of the New Haven judgment; the defendants have not stated otherwise. Nor have defendants claimed the New Haven judgment itself was obtained by fraud or the like. See Cavallo v. Derby Savings Bank, 188 Conn. 281 (1982). This action to foreclose the judgment lien is not the place to mount a collateral attack on CT Page 248 the New Haven judgment.
For the foregoing reason, the plaintiff's August 2, 1993 "Motion To Strike Defendants' `Answer Plaintiffs Request For Forclosure On Defendant's Property' (Sic) dated July 9, 1993," [106] is granted.
As provided in Section 157 of the Practice Book, defendants have 15 days within which to file a proper pleading.
Parker, J.