[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO STRIKE #110
The plaintiff, Malanie Zayas, a minor, filed a three count complaint on April 28, 1992, against the following defendants: Laidlaw Transit, Inc. ("Laidlaw"), Nadir Lajam ("Lajam"), and Harvey E. Shepard ("Shepard"). The plaintiff is seeking to recover money damages for injuries arising out of an accident on September 18, 1990, where the plaintiff was struck by Shepard's car when she was crossing in front of her school bus.
In the first count, the plaintiff alleges a claim of negligence against Lajam, the driver of the school bus. In the second count, the plaintiff alleges a claim of negligence against Laidlaw, the owner of the school bus. In the last count, the plaintiff alleges a claim of negligence against Shepard, the owner and driver of the car that struck the minor plaintiff. On August 25, 1992, Laidlaw and Lajam filed an answer with two special defenses.
On September 14, 1992, Shepard filed a two count cross-claim against Laidlaw and Lajam pursuant to General Statutes 38a-369(c). Shepard seeks to recover from his co-defendants all basic reparations benefits paid to the minor plaintiff by Shepard's insurer, the Windsor Insurance Company ("Windsor"). In the first count, Shepard alleges that Lajam was negligent by failing to signal when he discharged the minor plaintiff pursuant to General Statutes 14-277. In the second count, Shepard alleges that Laidlaw was negligent through its CT Page 1495 agent Lajam.
On September 23, 1992, Laidlaw and Lajam filed a motion to strike Shepard's cross-claim, and an accompanying memorandum of law, on the ground that it fails to state a claim upon which relief can be granted.[1] On March 25, 1993, Shepard filed both an objection to the motion to strike the cross-claim and a memorandum of law.
Practice Book 152(1) provides that "whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the [pleading] for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986
(1982). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988).
Laidlaw and Lajam argue that Shepard's cross-claim is legally insufficient because Shepard may not maintain an action on behalf of Windsor when Windsor is not a party to this action. Specifically, Laidlaw and Lajam claim that Windsor, not Shepard, has a right of subrogation pursuant to General Statutes 38a-369(c) against the plaintiff who received the basic reparation benefits. Laidlaw and Lajam maintain that Windsor should bring a separate action to enforce its subrogation rights against the plaintiff when, and if, she recovers. Accordingly, the defendants urge the court to strike Shepard's cross-claim in its entirety.
In response, Shepard argues that his cross-claim is legally sufficient pursuant to General Statutes 38a-369(c). Shepard claims that he may bring this cross-claim to enforce Windsor's subrogation rights because Windsor paid the basic reparation benefits pursuant to the terms of his insurance policy. Accordingly, Shepard urges the court to deny the motion to strike.
General Statutes 38a-369(c) provides: CT Page 1496
 whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments.
"The subrogation right of General Statutes [38a-369(c)] is given to insurers as a remedy in the event recalcitrant insureds do not pursue their own rights." Amica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, 574, 474 A.2d 104 (1984). "[G]eneral Statutes [38a-369(c)] expressly authorizes a no-fault insurer which has paid basic reparation benefits to its insured to recover the amount paid from the negligent party." Lumbermans Mutual Casualty Co. v. Hansen, 37 Conn. Sup. 672-73 (May 8, 1981, Shea, J.) (insurance company which paid basic reparations benefits to its insured for injuries he received in an automobile accident may recover the amount it has paid in a suit against a third-party tortfeasor); see Osborn v. Plourde, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392738 (March 25, 1992) (General Statutes 38a-369(c) allows an insurance company to bring action against a tortfeasor to recover basic reparations benefits paid to its insured); Travelers Insurance Co. v. Truck Equipment, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500686 (March 4, 1992) (insurance company entitled to bring suit against an owner of a vehicle involved in an automobile accident to recover for basic reparations benefits paid to individuals injured in this accident.)
 The subrogation right provided by subsection (c) of the statute arises after the payment of basic reparations benefits by the insurer to its insured but before the insured has recovered from a tortfeasor and before the insured has exerted his right to recover . . . . The insurer has a right under subsection (c) to pursue that action which the insured may have against a third person in order to collect that loss which the insurer has paid as a result of its insurance contract with the insured. CT Page 1497
Amica Mutual Insurance Co. v. Barton, supra, 572-73.
In the present-case, it is undisputed that Windsor paid basic reparations benefits to the minor plaintiff pursuant to its insurance contract with Shepard. However, Shepard has provided no case law to support his contention that he has a claim pursuant to General Statutes 38a-369(c). In fact, based on the language of the statute itself and the cases discussed above, General Statutes 38a-369(c) is a remedy reserved for insurance companies. Therefore, Shepard's cross-claim pursuant to General Statutes 38a-369(c) is legally insufficient as it fails to state a claim upon which relief can be granted. Accordingly, the court grants the motion to strike Shepard's cross-claim in its entirety.
THE COURT
MAIOCCO, J.