[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion to strike dated June 22, 1993, and received by the clerk's office on June 28, 1993. No memorandum of law was filed with the motion as is required by the provisions of Connecticut Practice Book, Sec. 155.
A memorandum of law was subsequently filed dated January 21, 1994. The plaintiff filed her memorandum of law in opposition to the motion on February 17, 1994.
A lengthy argument was presented to the court on March 7, 1994.
An examination of the complaint indicates that in count one, the plaintiff alleges that Attorney Bruce Chamberlain brought suit against William Honan in his alleges that Attorney Bruce Chamberlain brought suit against William Honan in his individual capacity, and on behalf of his client, Milton Burton. The first count further alleges that that action is subject to dismissal for lack of personal jurisdiction and that it was brought without probable cause and with actual malice against the plaintiff. Further, that such action was brought without a legal basis and only to harass William Honan and his children. Finally, it is alleged that these actions constitute an abuse of process.
Our Supreme Court has clearly recognized the struggle that exists to determine under what circumstances a complaint states a cause of action for abuse of process. In Mozzochi v. Beck,204 Conn. 490, 496 (1987), our court recognized that "existing law demonstrates that there is no bright line that clearly distinguishes between the ends ordinarily associated with litigation and the ulterior purpose that the tort of abuse of process is intended to sanction. Much turns on the specificity of the pleadings." CT Page 3634
The court continues that although attorneys have a duty to their clients and to the judicial system not to pursue groundless claims, nonetheless, such action does not give rise to a third party action for abuse of process unless the third party can allege specific misconduct intended to cause specific injury outside the normal contemplation of private litigation. See Mozzochi v. Beck, supra, 497.
The allegations here are so general that the requirement of showing the use of legal process primarily to accomplish a purpose for which it was not intended has clearly not been satisfied.
The plaintiff has clearly failed to state a cause of action for abuse of process in count one of the complaint.
Although the second count does not specifically allege a cause of action for abuse of process, a careful reading of the count can only lead to the conclusion that it is the basis for recovery. In fact, the plaintiff attorney in her memorandum of law dated July 8, 1993 (document #107) at page three, specifically states that the basis of count two is abuse of process.
Accordingly, the court finds, for the reasons indicated already, that the second count is also dismissed.
In the third count of the complaint, the plaintiff alleges that the defendants have conspired to intentionally cause the plaintiff and his children to suffer emotional distress. There are no allegations as to how this was done.
The motion to strike tests the legal sufficiency of the allegations of the complaint. Connecticut Practice Book, Sec. 152; Mingachos v. CBS, Inc., 196 Conn. 91 (1985). The motion admits facts well pleaded but not legal conclusions. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285 (1982). In this count three, where plaintiff fails to allege any facts and simply states legal conclusions, the motion to strike count three is granted.
Having thus granted defendants' motion to strike as to all counts of the complaint, the plaintiff is directed to deliver to the defendants a fully executed release of the prejudgment CT Page 3635 attachment granted on February 15, 1994.
Mihalakos, J.