[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES AND COUNTERCLAIM
This is an action by Shawmut Bank seeking to collect on four promissory notes. The fifth count of the revised complaint alleges that defendant Coughlin Coughlin, Inc. guaranteed payment of the notes. Said defendant has filed three special defenses and a counterclaim, all of which the plaintiff seeks to strike.
The first special defense alleges that plaintiff has breached its agreements with defendants Robert and Thomas Coughlin, the signers of the notes. Such defense as alleged is a mere legal conclusion without any supporting factual allegations. Cavallo v. Derby Savings Bank, 188 Conn. 281,285. The first special defense is stricken.
The second special defense alleges that plaintiff has abused the judicial process by attaching bank accounts and CT Page 4252 serving customers of the defendants with a pre-judgment attachment and garnishment. Its allegations that such acts were unlawful are mere conclusions of law and without any supporting factual basis. Nowhere has the defendant alleged that the plaintiff has misused or misapplied the process of a prejudgment attachment to achieve an end other than that which it was designed to accomplish. Mozzochi v. Beck,204 Conn. 490 (1987). The second special defense is stricken.
The third count of the complaint alleges lack of consideration. This is a conclusion of law without any factual basis. The third count of the complaint is stricken.
The counterclaim is in two counts: In the first count said defendant alleges abuse of process. However, nowhere has the defendant alleged that the plaintiff has misused or misapplied the process of a pre-judgment attachment to achieve an end other than that which it was designed to accomplish. Mozzochi v. Beck, 204 Conn. 490. The first count of the counterclaim is stricken.
In the second count the defendant alleges a violation of Section 42-110b (CUTPA). In light of the court's ruling on count one, the court holds that count two should be stricken.
Allen, J.