[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #118
CT Page 3108
I. Factual and Procedural Background
In the underlying action, Dennis F. p/p/a Louise F. brought suit against Laureen Glownia (hereinafter "Glownia") alleging that she had intentionally engaged in sexual activity with Dennis F., and/or intentionally sexually molested him. At all times relevant to the events in question, Glownia was insured under a homeowner's policy (hereinafter "policy") issued by Great American Insurance Company (hereinafter "Great American") to Glownia. Pursuant to the terms of that policy, Great American provided Glownia with a defense to the action subject to a full reservation of rights to deny coverage based upon the terms and conditions of the policy. On March 6, 1996, Glownia entered into an agreement with the plaintiff whereby she agreed to stipulate to liability as well as to a monetary judgment. The court (Hendel, J.) subsequently entered a judgment in favor of the plaintiff in the amount of three-hundred thousand (300,000) dollars.
Concurrent with the underlying action, Great American brought a declaratory judgment action to determine its rights and responsibilities under the policy held by Glownia. On August 12, 1996, Great American amended its complaint. Count one alleges that Glownia's intentional conduct is excluded from coverage by the language of the policy. Count two alleges that Glownia's settlement with the plaintiff, without Great American's knowledge or approval, is a breach of contract and obviates Great American's duty to defend and indemnify Glownia in the underlying action.
Glownia filed a motion to strike count two of the amended complaint on the ground that it failed to state a "legally valid basis for a declaratory judgment." In accordance with the Practice Book § 155, Glownia filed a memorandum of law in support of her motion to strike. Great American filed a memorandum of law in opposition to Glownia's motion to strike.
II. Discussion
Glownia asserts that the second count of Great American's amended complaint alleging breach of contract should be stricken on the ground that it fails to state a claim upon which a CT Page 3109 declaratory judgment may be based.[1] The second count alleges that Glownia violated her contractual obligation to 1) help with the defense of the suit, and 2) refrain from voluntarily making payment, assuming obligations, or incurring expenses when she entered into the settlement agreement with the plaintiff. Glownia argues that Connecticut law recognizes that when an insurer breaches an insurance contract by refusing to defend the insured, the insured is released from any covenant against settlement or interference contained in the contract and may pursue a reasonable and prudent settlement of the claim.
Great American asserts that the court should deny the motion to strike on the ground that the second count contains the necessary elements to state a cause of action for breach of contract.[2] Great American also asserts that Connecticut law does not obviate its cause of action for breach of contract.
The court denies the motion to strike on the ground that Connecticut law does not preclude Great American from alleging breach of contract in its declaratory judgment action.
A. Motion to Strike, Generally
"The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." Caval v.Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 906 (1982). In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori, 236 Conn. 820,825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980). The facts in the complaint must be considered most favorably to the pleader. Waters v. Autori, supra,236 Conn. 825. When "facts provable in the complaint would support a cause of action, the motion must be denied." Id. 826.
B. Declaratory Judgments, Generally
Declaratory judgments are governed by General Statutes § 52-29 and Practice Book §§ 389-394. Section 389 provides, in pertinent part, that the court will "render declaratory judgements as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity now exists or will arise in the future." Practice Book § 389. A declaratory judgment action is remedial in nature CT Page 3110 and is to be liberally construed. Horton v. Meskill,172 Conn. 615, 627, 376 A.2d 359 (1977). A declaratory judgment is an appropriate method to determine whether an insurer has a duty to defend and indemnify its insured. See Holy Trinity Church v.Aetna Casualty Surety Co., 214 Conn. 216, 571 A.2d 107 (1990). "A demurrer to a complaint for a declaratory judgment is proper when the facts alleged do not bring the case within the scope of the statute and rules relating to declaratory judgments. . . . If the rights and jural relations of parties in the situation of these plaintiffs have been conclusively determined by previous decision of this court, the demurrer . . . [is] properly sustained upon the stated grounds." (Citations omitted.) Buxtonv. Ullman, 147 Conn. 48, 50-51, 156 A.2d 508 (1959).
C. Disposition
Glownia argues that the second count of Great American's complaint alleging breach of contract should be stricken on the ground that Connecticut recognizes that where an insurer has denied a duty to defend or indemnify, an insured is thereby released from contractual provisions against settlement or interference and an insurer will not be permitted to seek the protection of those same contractual provisions in avoidance of its indemnity provisions. In support thereof, the defendant directs the court's attention to the Supreme Court's decision inBlack v. Goodwin Loomis Britton, Inc., 239 Conn. 144,681 A.2d 293 (1996).
In Black, the plaintiff brought a wrongful death action against White, Wheeler and Company (hereinafter "White"). White's insurer, Maryland Casualty Company (hereinafter "Maryland Casualty"), denied coverage and refused to defend White in the action. The plaintiff and White subsequently stipulated to a judgment whereby White assigned to the plaintiff any rights it might have against Maryland Casualty in return for the plaintiff's agreement to seek satisfaction of the judgment solely from Maryland Casualty. The plaintiff then instituted an action against Maryland Casualty. At trial, the jury returned a verdict in favor of the plaintiff and the trial court rendered the verdict accordingly. Maryland Casualty appealed, claiming that the stipulated judgment between White and the plaintiff was contrary to public policy and thus unenforceable.
In affirming the trial court's ruling, the Supreme Court stated that "[i]t is well settled that an insurer who maintains CT Page 3111 that a claim is not covered under its insurance policy can either refuse to defend or it [can] defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose. . . An insurer who chooses not to provide its insured with a defense and who is subsequently found to have breached its duty to do so must bear the consequences of its decision, including the payment of any reasonable settlement agreed to by the plaintiff and the insured. . . . Moreover, an insurer, after breaking the contract by its unqualified refusal to defend, should not thereafter be permitted to seek the protection of that contract in avoidance of its indemnity provisions."[3] (Citations omitted; internal quotation marks omitted.) Black v. Goodwin, Loomis v. Britton, supra, 236 Conn. 152-53.
Glownia is apparently arguing that Great American's reservation of rights in this case leaves her in the same predicament as that of the defendant in Black. "A reservation-of-rights notice is a declaration by an insurer . . . delivered to an insured . . . stating, in effect, that the insurer reserves its rights to contest liability. . . . Insurers generally use reservation-of-rights notices to preclude inferences that might otherwise by drawn by an insured (or by a court) from the conduct of the insurer." Keeton Widiss, Insurance Law, Reservation-of-Rights and Nonwaiver Agreements § 6.7(a).
In Preferred Risk Mutual Insurance Co. v. Main, 295 F. Sup. 207
(1968), the court determined that, pursuant to Missouri law, the insurer was not required to pay for attorney's fees and expenses separately incurred by the insured in an action defended by the insurer under a reservation of rights. In its ruling the court acknowledged that "[u]nder Missouri jurisprudence, it is clear that a refusal to defend a party actually within the policy coverage . . . is unjustified and amounts to a breach of contract. . . ." Id. 218. The court observed, however, that while the "insurer has attempted unsuccessfully to avoid liability . . . [it] has not attempted to escape its obligation to defend the suits brought by [the] defendants. . . . Plaintiff insurer . . . undertook the defense of the aforementioned suits and continued in that defense in good faith." Id. 219. The court held that because of the insurer's good faith defense, it was not obligated to pay for attorney's fees and expenses separately incurred by the defendant in the underlying action.
In Missionaries of Mary, Inc. v. Aetna Casualty Surety Co., CT Page 3112155 Conn. 104, 230 A.2d 21 (1967), the Connecticut Supreme Court stated that when an insurer is "called upon to exercise its judgment as to what [is] required of it under its contractual obligation to [an insured] . . ., [i]t [can] either refuse to defend or it [can] defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose. . . . In the present case [the insurer] chose to refuse to defend. . . . The [insurer] having, in effect, waived the opportunity which was open to it to perform its contractual duty to defend under a reservation of its right to contest the obligation to indemnify the plaintiff, reason dictates that the [insurer] should reimburse the plaintiff for the full I amount of the obligation reasonably incurred by it." Missionaries ofMary, Inc. v. Aetna, supra, 155 Conn. 113-14.
Construing the facts most favorably to the nonmovant, the court concludes that the Supreme Court's decision in Black is not dispositive of the facts in this case. In Black, as in Missionariesof Mary, Inc., the insurer denied coverage and refused to defend the insured, leaving the defendant to fend for itself. As the Court observed in Missionaries of Mary, Inc., an insurer has two distinct options available to it when determining its duty to defend an insured: 1) it can refuse to defend at the outset; or 2) it can defend under a reservation of rights. The Court's decision in Black
speaks only to the situation where the insurer makes an unqualified refusal to defend. The case does not speak to the situation where the insurer elects to defend the insured under a reservation of rights. The court is convinced that an insurer's election to defend under a reservation of rights leaves the insurer and the insured with a very different set of options then if an insurer refused to defend from the outset.
In this case, Great American has provided a defense subject to a reservation of rights as to its ability to deny coverage under the policy. The defendant has failed to demonstrate that Connecticut law is dispositive on the facts before this court. Therefore, the defendant's motion to dismiss is denied.
Handy, J.