[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue here is whether Lutheran Home Retirement Corporation, Inc.'s motion to strike the second count of the plaintiff's revised complaint should be granted on the ground that the plaintiff failed to allege sufficient facts necessary to support a cause of action for unjust enrichment.
Defendant's motion to strike is granted. The plaintiff has failed to allege sufficient facts necessary to support a cause of action for unjust enrichment.
On April 16, 1997, the plaintiff, Joel Staub, Executor of the Estate of Henrietta Staub, filed a four count complaint against the defendant, Lutheran Home Retirement Corporation, Inc. ("Lutheran Home"). In the plaintiff's revised complaint, dated August 8, 1997, the plaintiff alleges the following facts. On November 8, 1990, the plaintiff's decedent executed a continuing care contract ("agreement"), as defined in General Statutes § 17b-520[1], for a unit at East Hill Woods, located in Southbury, Connecticut. Pursuant to General Statutes §17b-520(a) and (d), Lutheran Home was the "provider" and East Hill Woods was the "facility" under this agreement. Prior to signing the agreement, plaintiff's decedent received a document entitled "East Hill Woods Southbury, Connecticut Disclosure Statement June, 1988" ("disclosure statement"). Both the agreement and CT Page 2382 the disclosure statement provided that in the event residency is terminated by the death of the resident, the resident's estate shall receive a refund of 94% of the entrance fee less any unpaid expenses incurred by the resident.
On March 28, 1991, the plaintiff's decedent became a resident at East Hill Woods and paid an entrance fee of $158,250. Subsequently, on September 22, 1996, the plaintiff's decedent died while still a resident at East Hill Woods. On September 30, 1996, the plaintiff was appointed as the executor of the estate of the decedent. Then, on September 27, 1996, the plaintiff made a written demand to East Hill Woods of $148,755, the amount of the entrance fee due the plaintiff pursuant to the agreement and the disclosure statement. Lutheran Home and East Hill Woods have refused to pay the plaintiff this money, after which the plaintiff commenced this action.
The second count of the plaintiff's revised complaint alleges that Lutheran Home is unjustly enriched by its refusal to pay the plaintiff $148,755, the amount of the entrance fee due to the plaintiff pursuant to the Continuing Counsel Agreement and the Disclosure Statement.
On September 23, 1997, the defendant filed a motion to strike the second count of the revised complaint on the ground that the plaintiff failed to allege sufficient facts necessary to support a cause of action for unjust enrichment. The defendant also filed a memorandum of law in support of its motion. On October 9, 1997, the plaintiff filed an objection to the defendant's motion to strike, contending that the allegations of the second count of the revised complaint sufficiently allege a claim of unjust enrichment.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . The court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action."Napoletano v. Cigna Healthcare of Connecticut Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of CT Page 2383 law that are unsupported by the facts alleged." NovametrixMedical Systems. Inc. v. BOC Group Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendant argues that the plaintiff fails to allege sufficient facts in his revised complaint to support a claim of unjust enrichment. The defendant contends that count two should be stricken because the plaintiff failed to allege facts that show that Lutheran Home benefitted [benefited] under the terms of the agreement, that Lutheran Home unjustly did not pay for some benefit, or that Lutheran Home retained such a benefit to the detriment of the plaintiff. The defendant also contends that the plaintiff failed to allege that Lutheran Home contracted with the plaintiff's decedent. In the plaintiff's objection to the motion, he responds that the revised complaint alleges that there was a contract between the defendant and the plaintiff's decedent.
"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) Hartford Whalers Hockey Club v. Uniroyal GoodrichTire Co., 231 Conn. 276, 282-83, 649 A.2d 518 (1994).
First, the plaintiff has alleged in count two of the revised complaint that Lutheran Home contracted with the plaintiff's decedent. The plaintiff alleges that on November 8, 1990, Staub, the decedent, entered into a continuing care contract' as defined in General Statutes § 17b-520(a). (Plaintiff's Revised Complaint, Count 2, ¶ 5) The plaintiff further contends that East Hill Woods is a "facility" pursuant to General Statutes § 17b-520(c) and that the defendant is a "provider" pursuant to General Statutes § 17b-520(d). (Plaintiff's Revised Complaint, Count 2, ¶¶ 4, 2.) Accordingly, the plaintiff has alleged sufficient facts in his revised complaint that Lutheran Home contracted with the plaintiff's decedent.
The plaintiff, however, has failed to sufficiently plead all of the elements of unjust enrichment in count two of his revised complaint. The plaintiff fails to allege that Lutheran Home received a benefit to the detriment of the plaintiff. It is only in the plaintiff's objection to the motion to strike CT Page 2384 that the plaintiff claims that "a breach of contract by a provider in the context of a continuing-care contract' in failing to refund a percentage of the entry fee clearly alleges that the defendant unjustly did not pay the plaintiff for the benefits and the failure to pay resulted in a detriment to the estate."
In considering a motion to strike, the court is limited to a consideration of the facts alleged in the pleadings. Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). The court may not consider the additional allegations found in plaintiff's objection to the motion to strike. In Turner ConstructionCompany v. Eppoliti. Inc., Superior Court, judicial district of Danbury, Docket No. 32 31 18 (January 8, 1997, Moraghan, J.), the superior court did not consider additional allegations that were in the plaintiff's memorandum of law in opposition to the defendant's motion to strike. The plaintiff in that case sought to construe the allegations of unjust enrichment in their complaint for the court in their memorandum. The court would not consider these additional allegations because this would constitute a speaking motion to strike. Id.
The plaintiff has not alleged sufficient facts in his revised complaint to demonstrate that Lutheran Home received a benefit to the detriment of the plaintiff. Therefore, the defendant's motion to strike the second count of the plaintiff's revised complaint is granted because the plaintiff has failed to allege sufficient facts to support a claim of unjust enrichment.
KULAWIZ, J.