[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have filed a motion to strike (#101) based on the ground that "the second count is beyond the statute of limitations and not saved by [General Statutes] § 52-592 in that there was no second count in the prior lawsuit which was dismissed for lack of subject matter jurisdiction."
The court is unable to reach the merits of this argument. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading] and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court is limited "to a consideration of the facts alleged in the [subject pleading]. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doev. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see alsoCavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982).
In the present case, the plaintiff does not allege that there was no second count in the prior lawsuit. The court cannot impart facts outside of the pleadings. The motion to strike the second count of the complaint, therefore, is denied. CT Page 5014
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of April, 1998.
WILLIAM BURKE LEWIS, JUDGE