[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
The plaintiff, Eastern Account Systems, Inc. (Eastern Account), filed a revised complaint on November 3, 2000, alleging that the defendant, Southern New England Telephone Company (SNET), a regulated public utility, wrongfully disconnected Eastern Account's telephone service for nonpayment. SNET filed an answer and special defense on December 13, 2000. Eastern Account now moves to strike SNET's special defense. CT Page 5981
The revised complaint alleges the following. On August 15, 1997, SNET sent Eastern Account a notice stating that if Eastern Account's telephone bill was not paid by August 26, 1997, telephone service would be terminated. On August 15, 1997, an agent of Eastern Account contacted SNET's customer service department to inform SNET that payment had been sent on August 5, 1997. The customer service representative advised the agent to wait a few days for SNET's receipt of payment. If payment was not received, it is alleged the representative stated he or she would contact Eastern Account for reissuance of payment. On August 20, 1997, without any further contact between the parties, the Eastern Account's telephone service was disconnected by SNET.
SNET's special defense alleges that any liability for the disconnection is limited by the applicable tariffs on file with the department of public utility control.[1] Eastern Account moves to strike the special defense on the ground that the tariff alleged in the defense is not applicable; rather Eastern Account's disconnection of service and the defendant's liability is covered by § 16-3-101 of the Regulations of Connecticut State Agencies. Eastern Account argues that the regulations distinguish between intentional terminations or interruptions, which are covered by the regulations, and interruptions occurring from mistakes, errors or omissions, as covered by the tariff. Under the tariff, SNET is relieved from liability for unintentional curtailment of service. Eastern Account argues that the regulations, not the tariff, apply to the present case because the complaint alleges an intentional termination of service and, therefore, SNET's special defense seeking protection under the tariff does not apply to the facts alleged in the complaint and must be stricken. SNET, in response, argues that Eastern Account purports to bring in facts outside of the complaint by asserting in its motion that the disconnection of service was intentional rather than negligent. SNET argues that because the complaint alleges that "Eastern was damaged by SNET's negligence in wrongfully disconnecting its telephone service" and does not specifically allege an intentional disconnection, the special defense is properly pleaded.
In deciding a motion to strike a special defense, the trial court is limited to a consideration of the facts alleged in the pleadings. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995) rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see also Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86, 449 A.2d 996
(1982). Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the [pleadings], the [parties] must await the evidence which may be adduced at trial, and the motion should be denied." Lilijedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, CT Page 5982576 A.2d 149 (1990). However, "[the] purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book § 10-50. Eastern Account is therefore entitled to rely upon its complaint when seeking to strike a special defense because a valid special defense may only allege facts that are consistent with its complaint. See id.
The determinative issues is what is alleged in the complaint. The conclusion rests on whether the disconnection of Eastern Account's service was alleged to be an intentional act of SNET or a non-intentional mistake or error, which in turn determines whether the tariff or the regulations apply. The court finds, for the following reasons, that revised complaint alleges the disconnection was an intentional act.
Section 16-3-101 (A)(11) of the Regulations of Connecticut State Agencies provides that termination of telephone service "means the intentional discontinuance of interruption of service to an individual telephone customer, and shall not include interruption or curtailment of service resulting from mistakes, errors, omissions, or forces beyond the control of the telephone company including but not limited to fire, floods, Acts of God, forced outages, energy or capacity shortages or other emergencies." SNET argues that Eastern Account alleges SNET was negligent in wrongfully disconnecting its service and thus, the tariff must apply. The revised complaint, read in toto, however, alleges that the disconnection was an intentional interruption of service. It alleges that Easter Account's agent "was informed the lines had been disconnected because Eastern Account had not paid the bill," that SNET "wrongfully allows unsupervised, individual, customer service representatives to turnoff a customers' telephone service," that "the turn off departmentdisconnected Eastern Account telephone service" and that SNET "does not require another department or individual to verify that the customer service representative's turn off order is correct and justified." (Emphasis added.)
The court disagrees with SNET's contention that the use of the use of the word negligence in the complaint establishes that the disconnection was a non-intentional act. Although the reasons for the disconnection may have been negligently arrived at, or considered, Eastern Account has alleged that SNET did intend to discontinue service for the reasons of non-payment. In other words, the pleading makes clear that while the CT Page 5983 decision to issue a turn off order was negligently made, the discontinuance of Eastern Account's telephone service was intended by SNET. The court therefore finds that the complaint alleges an intentional disconnection of Eastern Account service, thereby making the regulations the governing language in the present suit.[2] See Regs., Conn. State Agencies § 16-3-101.
The court therefore concludes that SNET's special defense alleges a defense that is inconsistent with the revised complaint. Accordingly, Eastern Account's motion to strike the special defense is granted.
ADAMS, J.