[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is a two count[1] complaint brought by a commercial landlord against its former tenant claiming damages in the second count under 42-110b, et seq CGS, commonly referred to as CUTPA. In the instant case the plaintiff-landlord alleges that it had originally brought a lawsuit against the defendant-tenant seeking a declaratory judgment regarding the renewability of a lease which was about to expire; that the defendant counterclaimed against the plaintiff claiming the negotiations involved in the renewal were conducted by the landlord in a manner violative of CUTPA; that in the course of discovery in that lawsuit it was learned that there was a basis for concluding that the counterclaim was groundless, CT Page 2118 i.e., based on false statements made by the tenant (defendant in the instant case). This suit followed. The defendant filed the instant motion to strike the CUTPA claim contained in the second count of this complaint claiming, inter alia, that plaintiff has failed to allege sufficient facts to support a claim under CUTPA.[2]
LAW
It is an elementary rule of pleading that the Motion to Strike tests the legal sufficiency of a pleading. P.B. 152; GORDON v BRIDGEPORT HOUSING AUTHORITY, 208 Conn. 161 (1988); ALARM APPLICATIONS CO v. SIMSBURY VOLUNTEER FIRE CO., 179 Conn. 541, 545
(1980) and cases cited therein. And, for purposes of determining the motion, it admits the truth of facts well pleaded but will not admit the truth or accuracy of conclusions or opinions of the pleader. MINGACHOS v. CBS, INC., 196 Conn. 91, 198 (1985); VERDON v. TRANSAMERICA INS. CO., 187 Conn. 363, 365 (1982). Furthermore, the court cannot assume a fact which has not been alleged. Id.
Employing these principles it is obvious that the plaintiff has failed to plead sufficient facts to support a claim for relief under CUTPA.
Essential to the proof of a CUTPA violation and thus to a complaint asserting such a claim is that the wrongful acts were committed in the conduct of the defendant's trade or business. QUIMBY v. KIMBERLY CLARK CORP., 28 Conn. App. 660, 669-670 (1992). An analysis of the plaintiff's complaint indicates that it has alleged some wrongful acts: false statements about its knowledge regarding plaintiff's lease negotiating practice and the bringing of a counterclaim against the plaintiff-landlord based upon such falsehoods. The plaintiff then alleges that the defendant engaged in these acts in the conduct of its business. However, nowhere in the complaint does the plaintiff allege what business the defendant is engaged in or even a suggestion of the nature of that business.
Although one might reasonably infer from the remainder of the pleadings that the defendant was a tenant in a retail facility, without more, however, it is difficult, if not impossible, to deduce any nexus between the bringing of a groundless counterclaim and the conduct of a tenant's business. Compare, ALARM APPLICATIONS CO, supra., 551. [the failure to allege the relationship between the parties was fatal] Therefore, without any supporting facts these statements at best represent the pleader's opinion or conclusion that the acts were, in fact, done in the CT Page 2119 conduct of the defendant's business. As such, they must be disregarded in determining the motion. VERDON v. TRANSAMERICA INS. CO., supra, 365. The mere recitation of the magic phrase "committed in the conduct of trade of business" is no substitute for factual statements where it is otherwise impossible for the reader to conclude that the acts complained of were, in fact, connected in some meaningful way to the operation of the defendant's business. CAVALLO v. DERBY SAVINGS BANK, 188 Conn. 281,285 (1985); ALARM APPLICATIONS CO v. SIMSBURY VOLUNTEER FIRE CO., supra 551; MINGACHOS v. CBS, supra; also see, ARAWANA MILLS CO. v. UNITED TECHNOLOGIES CORP., 795 F. Sup. 1238 (D.Conn, 1992) for the requirement that the connection be meaningful.
The plaintiff further argues that the defendant might be a "professional" tenant, having leased retail stores in many other locations, and that the court was aware of this fact from its knowledge of the other lawsuit. Even if this were sufficient to suggest that the acts complained of were a significant to defendants business as a tenant, it nevertheless avails plaintiff no help as the court make assumptions from facts not appearing in the pleadings, but is limited to the information contained in the complaint. VERDON v. TRANSAMERICA INS. CO., supra.
For the foregoing reasons, the motion to strike is hereby GRANTED.
BY THE COURT,
MELVILLE, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]