[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the present action is the Ronald F. Petronella, Commissioner of the Department of Labor, acting pursuant to General Statutes § 31-72. The defendants are OCP America [OCP], formerly known as OCP Ketchum, and Michael Quinn, president of OCP. On September 21, 1993, the plaintiff filed a two count complaint.
In the first count of the complaint, the plaintiff CT Page 6559 alleges that OCP, an employer within the state of Connecticut as defined by General Statutes § 31-71a(1), employed David Yorski as a Territory Manager from September 21, 1981 through August 7, 1992. It is further alleged that on September 18, 1992 Yorski filed a complaint with the Connecticut Department of Labor in which he claimed that OCP owed him $3850 in back wages; this claim was investigated and confirmed by the Department of Labor. The plaintiff further alleges that the Department of Labor found that OCP had violated General Statutes §§ 31-71b and 31-76k and that, despite the plaintiff's demands, OCP failed to tender payment.
The second count of the complaint is directed against Quinn, the president of OCP. The plaintiff asserts that defendant Quinn, "specifically caused" wages to be withheld from Yorski. The plaintiff seeks double damages totalling $7700, plus reasonable attorney's fees, interest, and costs.
On November 19, 1993, the defendants filed a motion to strike the second count of the complaint, with a supporting memorandum of law, on the ground that General Statutes § 31-72
does not provide for a cause of action against the officer or agent of an employer for the collection of unpaid wages. This motion was initially granted by the court, Sheldon, J., on December 6, 1993, but subsequently vacated by the court, Sheldon, J., on January 19, 1994. On December 15, 1993, the plaintiff filed a memorandum in opposition to the motion to strike.
DISCUSSION
The motion to strike provides the proper means by which to test the legal sufficiency of the complaint. Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Rather, allegations which are "`merely conclusions of law and absent sufficient alleged facts to support them, are subject to a motion to strike.'" Cavallo v. Derby SavingsBank, 188 Conn. 281, 285, 449 A.2d 986 (1982). "Further, in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). CT Page 6560
In support of the motion to strike, the defendants argue that General Statutes § 31-72 does not create a civil cause of action against a corporate officer or agent for an employer's failure to pay wages to an employee. The plaintiff counters that an individual who acts in the interest of the corporation and has the authority to withhold wages is an "employer" within the meaning of General Statutes § 31-72 and is thus liable under that same provision.
General Statutes § 31-72, entitled "Civil action to collect wage claim, fringe benefit claim or arbitration award," provides that
 [w]hen any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . may recover, in a civil action, twice the full amount of such wages; with costs and such reasonable attorney's fees as may be allowed by the court . . . .
General Statutes § 31-71a(1), entitled "Payment of wages," defines "employer" as:
 [A]ny individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof . . . .
It is submitted that there is no appellate authority addressing whether an agent or officer of a corporation may be held liable under General Statutes § 31-71. It is further submitted that there exists a split of authority in the superior court as to this issue.
In Grossman v. Centaur Sciences, Inc., 3 CSCR 760
(October 10, 1988, Cioffi, J.), the plaintiff initiated an action, pursuant to General Statutes § 31-71, to recover wages CT Page 6561 due from a defendant corporation; also named as a defendant was the president of the defendant corporation. In deciding whether the count levied against the defendant president should be stricken on the ground that General Statutes § 31-71
does not provide for a cause of action against a corporate officer, the court noted that "[t]here does not appear to be a Connecticut case that [has] addressed the question of whether, under these statutes, a corporate officer may be held civilly liable for the corporation's failure to pay wages." Id. The court referred to New York law for guidance, and noted that "New York Labor Law has no provision for a private civil action for an employer"s failure to pay wages. The Connecticut statute does, but fails to specify who may be held civilly liable." (Emphasis added.) Id. The court then stated that
 [g]iven the fact that Connecticut does provide for a civil remedy for wrongfully withholding wages, this court holds that any party who specifically causes wages to be withheld from an employee is held individually accountable to the employee whether that person was acting in a corporate capacity or not. This is not holding corporate officials individually responsible for corporate debts under this circumstance. Individual responsibility is founded not upon an action in debt, but instead is predicated upon the violation of public embodied in a statute.
Id.
Similarly, in Sullivan v. Progress Builders, Inc.,2 Conn. L. Rptr. 285 (August 22, 1990, Byrne, J.) ("SullivanI, the plaintiff brought an action to collect back wages against the defendant corporation and two of its officers. The court, after quoting extensively from Grossman v. CentaurSciences, Inc., supra, stated that it found the "reasoning inGrossman persuasive" and denied the defendant's motion for summary judgment. Id., 286.
Other superior court cases, however, have stated the opposite conclusion. Following the denial of the defendant's motion for summary judgment in Sullivan I, supra, in Sullivanv. Progress Builders, Inc., Superior Court, judicial district of Waterbury, Docket No. 09 60 86 (July 18, 1991, Healy, CT Page 6562 S.T.R.) ("Sullivan II, the court stated that it "hesitate[d]] to hold corporate officers personally liable for unpaid wages because this would impose liability if a corporation went broke." In Hutto v. Corroon Black of Connecticut, Inc.,3 Conn. L. Rptr. 337 (February 23, 1991, Mottolese, J.), the court "respectfully decline[d]" to follow the holding ofGrossman v. Centaur Sciences, Inc., supra, and (Sullivan I, supra. In Hutto, the court stated that the defendant officer was not alleged to be an employer within the definition of General Statutes § 31-71a, and that "no such intent can fairly be imported into this statute. The legislature intended to create a cause of action against an employer as it has defined that term." Id., 337-38.
The court, Stengel, J., reached a like result in Dimeskyv. Thumlert, 4 Conn. L. Rptr. 180 (June 10, 1991, Stengel, J.), and stated that
 § 31-72 provides for a private civil action for an employer's failure to pay wages, however § 31-72 when read with the definitional § 31-71a(1) does not specify personal liability for a corporate officer. A corporation is also defined as an employer. If corporate officers were held personally liable on a public policy theory, they could be exposed to unlimited liability. For such liability to exist the statute should so specify. This is a determination for the legislature to make.
 The court therefore finds the reasoning in Hutto, supra, to be more persuasive than in Grossman, supra.
Id., 181.
In paragraphs 15 and 16 respectively the plaintiff alleges Michael Quinn was the president of OCP America and "As President of OCP America," specifically caused wages to be withheld from the claimant. The use of the word specifically appears to be an attempt to bring the case within the purview of the decision in Grossman. However the allegation is that he did so "As President." There could be many reasons why a president might withhold wages without incurring liability, e.g., acting under the orders of the Board of Directors. CT Page 6563 Without some further information alleged to show individual responsibility such as sole control of the stock, individual management, etc., the court, although in agreement with the concept expressed in Grossman, cannot apply the reasoning in that case to this. An allegation of an act as president without more is not sufficient to subject the individual officer to liability. Accordingly, the motion to strike the second count of the complaint is granted.
Hale, State Trial Referee