[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the complaint, the plaintiff alleges that the plaintiff's decedent, while a business invitee of the defendant, Le Chalet, Inc. d/b/a Trumpets Restaurant, sustained fatal injuries as a result of falling down a staircase located in the defendant's business. The accident which occurred on June 7, 1991, was alleged to have been caused by the negligence of the defendant corporation in maintaining the premises. The plaintiff also CT Page 10691 alleges that the action is brought under General Statutes §52-593[1]. The plaintiff alleges that "a previously commenced action . . . incorrectly named individuals as owners of the business known as Trumpets Restaurant whereas discovery has indicated that the owner of such business is the corporate-defendant, Le Chalet, Inc."
The defendant has filed a motion to strike the plaintiff's complaint on the ground that the present cause of action is barred by the statute of limitations. The defendant also argues that the current action, brought under General Statutes § 52-593, is legally insufficient.
The motion to strike challenges the legal sufficiency of a complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). The court must view the allegations of the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commissioners, 182 Conn. 138,140, 438 A.2d 27 (1980). The motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby SavingsBank, 188 Conn. 281, 283, 449 A.2d 986 (1982); see also Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The defendant argues that the plaintiff's complaint fails to state a legally sufficient cause of action under General Statutes § 52-593 because the plaintiff has not alleged that judgment was entered in favor of the individual defendants in the prior action. Therefore, the defendant argues that the plaintiff cannot utilize General Statutes § 52-593, and thus, the action is barred by the statute of limitations applicable to negligence actions, General Statutes § 52-584.
A motion to strike on the grounds of the statute of limitations may only succeed here "when the parties agree that the complaint sets forth all the facts pertinent to the question CT Page 10692 whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." Forbes v. Ballaro,31 Conn. App. 235, 239.
In this case, the parties do not agree that all the facts pertinent to the question are set forth. The court notes that the complaint does not allege any disposition of the prior action admittedly against the wrong defendant.
In these circumstances, the court is required to deny the motion to strike.
/s/ McDonald, J. McDONALD