[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#129)
Pursuant to 42 U.S.C. § 1983, the plaintiff, Alfred T. Columbia, has brought a seven count amended complaint CT Page 1074 against the defendants, Mahlon C. Sabo and the City of Torrington, in which he alleges that his constitutional rights have been violated. The plaintiff, a police officer in the City of Torrington, alleges that he has been discriminated against and harassed by the defendant Sabo, who is chief of police. It is alleged that the harassment is in retaliation after the plaintiff gave evidence and testimony in a separate action against Sabo and the Torrington Police Department. The plaintiff further alleges that Sabo's actions have been ratified by the defendant, the City of Torrington.
Counts one, two, and three are addressed to the defendant Sabo in his individual capacity. Count one alleges that Sabo intentionally inflicted emotional distress on the plaintiff. Count two alleges that Sabo violated the plaintiff's First Amendment right of free speech. Count three alleges that Sabo violated the plaintiff's rights to equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.
The fourth, fifth, sixth, and seventh counts of the plaintiff's amended complaint are directed against the City of Torrington. In count four, the plaintiff seeks "indemnification" from the City for the acts of its employee, Sabo, which allegedly violated the plaintiff'sFirst Amendment right of free speech. Count five also seeks "indemnification" for Sabo's actions which allegedly violated the plaintiff's rights to equal protection of the laws. Count six sets forth a claim against the City for its ratification of Sabo's action in retaliation against the plaintiff. Count seven sets forth a claim against the City for its ratification of Sabo's alleged violation of the plaintiff's rights to equal protection of the law in violation of hisFourteenth Amendment rights.
Pursuant to Practice Book 152, the defendants move to strike counts three, five, six, and seven of the plaintiff's amended complaint on the ground that they fail to state a claim upon which relief can be granted. Both parties have filed memoranda of law in regard to the motion to strike. CT Page 1075
A motion to strike challenges the legal sufficiency of a pleading, or any count therein to state a claim upon which relief can be granted. Practice Book 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). In deciding on a motion to strike, the court must admit the truth of all facts well pleaded; Mingachos v. C.B.S. Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and must construe the challenged allegations in the light most favorable to the nonmovant. See Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 6 (1980). When considering a motion to strike, "[T]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting them; and if facts provable under the allegations would support. . .a cause of action. . .the [motion to strike] must fail." Ferryman v. Groton, supra, 142.
 I
"The Equal Protection Clause of theFourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." (Internal quotation marks omitted.) State v. Campbell, 224 Conn. 168,185, 617 A.2d 889 (1992); Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249,87 L.Ed.2d 313 1985).
The plaintiff claims that he was intentionally discriminated against and treated differently from others similarly situated because he was disciplined by the defendant Sabo while other officers with disciplinary complaints in his department were not similarly disciplined.
Under the Equal Protection Clause, however, the plaintiff must show that the defendant intentionally discriminated against him because of his membership in a particular class. it [It] is not sufficient to merely show that he was treated unfairly as an individual. Huebschen v. Department of Health and Social Services, 716 F.2d 1167,1171 (7th Cir. 1983); Kashani v. Purdue University,763 F. Sup. 995, 997 (N.D. Ind. 1991); See also Adickes v. Kress Co., 398 U.S. 1244, 152, 90 S.Ct. 1598, 1605, CT Page 107626 L.Ed.2d 242 (1970). "[T]he decision maker [must have] selected or reaffirmed a particular course of action at least in part `because of,' not merely `in spite of,' its adverse effects upon an identifiable group. ": Personnel Administrator v. Feeney, 442 U.S. 256,279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979) (footnote omitted) (emphasis in original).
In the present case, the plaintiff does not claim to be a member of a particular class, nor does he allege that the defendants discriminated against him because of his membership in an identifiable group. The proper classification for the plaintiff, if there is one at all, is the group of persons who have testified against the Chief of Police of the City of Torrington in a prior proceeding. The Equal Protection Clause does not protect such a class. See Huebschen v. Department of Health and Social Services, supra, 1172. It is evident that the alleged harassment suffered by the plaintiff was directed at him because of factors personal to him and not because of his membership in any class of persons. See Bohen v. City of East Chicago, 799 F.2d 1180, 1187 (7th Cir. 1986); Huebschen v. Department of Health and Social Services, supra, 1172.
For the foregoing reasons, the defendants' motion to strike counts three, five, and seven of the plaintiff's complaint is granted.
 II Every person who, under color of any statute, custom, or usage, of any state or territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.
A municipality cannot be held liable under 1983 on CT Page 1077 a respondeat superior theory for the actions of its employees, however, a municipality may be held liable where the actionable conduct may be attributable to the municipality itself. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed. 622
(1978).
Municipalities and other bodies of local government may be sued directly under 1983 if it is alleged that the government body "committed a constitutional tort `through a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers'" St. Louis v. Paraprotnik, 485 U.S. 112, 121,108 S.Ct. 915, 99 L.Ed.2d 107 (1988), citing Monell v. Department of Social Services, supra, 690. Municipal liability may also attach for those acts taken pursuant to customs established informally by permanent, well settled practice. St. Louis v. Paraprotnik, supra 121; Oklahoma City v. Tuttle, 471 U.S. 808, 819-20,105 S.Ct. 2427, 2434-36, 85 L.Ed.2d 791 (1985); Monell v. Department of Social Services, supra, 691. To create municipal liability, the policies and customs pursuant to which a challenged action is taken must be adopted or established by persons responsible under state law for making policy in that area of the municipality's business. St. Louis v. Paraprotnik, supra, 123 (emphasis added); Pembaur v. Cincinnati, 475 U.S. 469, 480,106 S.Ct. 1292, 1298.
Policies triggering municipal liability may be established by a single decision of one official if that official has the authority to make final policy in that area of the municipality's business. St. Louis v. Paraprotnik, supra, 926; Pembaur v. Cincinnati, supra, 482-85; Bohen v. City of East Chicago, supra 1189; Malak v. Associated Physicians Inc., 784 F.2d 277,283-4 (7th Cir. 1986). Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority. Pembaur v. Cincinnati, supra, 465. Whether an official had final policy making authority is a question of state law. id.
The plaintiff claims: CT Page 1078
 At all times mentioned herein, the City [of Torrington] has delegated to Sabo the authority to manage the Police Department, and to make all decisions and to take all actions necessary to exercise that authority. Sabo is therefor a policy maker on behalf of the City [of Torrington] with respect to all the actions he has taken and will take which are the subject of this Complaint.
Plaintiff's Amended Complaint, Count 6, Paragraph 15(c).
The factual allegations of the plaintiff's complaint are sufficient to suggest that the plaintiff will be able to prove that Sabo was a policy maker on behalf of the City of Torrington in respect to the management of personnel in the police department. See Monell v. New York City Department of Social Services, supra, 690. It is undisputed that the police chief has general authority to supervise police officers. Baltzer v. City of Sun Prairie/Police Department, 725 F. Sup. 1008, 1022 (W.D. Wis. 1989). Viewing the plaintiff's allegations in the most favorable light, it can be concluded that Sabo's alleged harassment and discrimination represented official municipal policy, sufficient to hold the City of Torrington liable under 1983.
For the foregoing reasons, the defendants' motion to strike count six of the plaintiff's complaint is denied.
PICKETT, J.