[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#154)
The plaintiff, Alfred T. Columbia, commenced this civil rights action under 42 U.S.C. § 1983 against the defendants, Mahlon C. Sabo and the city of Torrington, alleging that his constitutional rights have been violated. The plaintiff, a police officer in the city of Torrington, alleges that he has been discriminated against and harassed by the defendant Sabo, the chief of police in Torrington. The plaintiff alleges that the harassment is in retaliation for the plaintiff's supplying evidence and testimony in a separate action against Sabo and the Torrington Police Department. The plaintiff also alleges that Sabo's actions were ratified by the defendant city of Torrington.
The first three counts of the amended complaint are directed to the defendant Sabo in his individual capacity. The first count alleges intentional infliction of emotional distress. The second count alleges a violation of the plaintiff's first amendment right of free speech. The third count alleges a violation of the plaintiff's right to equal protection of the law under thefourteenth amendment to the United states constitution.
The fourth, fifth, sixth, and, seventh counts of the amended complaint are directed against the defendant city of Torrington. The fourth count seeks indemnification from the city for the acts of its employee, Sabo, who allegedly violated the plaintiff'sfirst amendment right of free speech. The fifth count also seeks CT Page 2303 indemnification for Sabo's actions which allegedly violated the plaintiff's equal protection rights. The sixth count sets forth a claim against the city for ratification of Sabo's acts of retaliation against the plaintiff. The seventh count sets forth a claim against the city for ratification of Sabo's alleged violation of the plaintiff's right to equal protection of the law.
The defendants now move to strike the third, fifth, sixth and seventh counts of the amended complaint. This case is not new to the court. The defendants earlier filed a motion to strike the same counts of an earlier amended complaint. The court (Pickett, J.) granted the defendants' motion as to the third, fifth, and seventh counts of the amended complaint, but denied the motion as to the sixth count. Columbia v. Sabo, 9 CSCR 267 (February 2, 1994, Pickett, J.). On October 7, 1994, the plaintiff filed a motion to amend its complaint to add the counts which had previously been stricken. The plaintiff based its motion on the recent Connecticut Supreme Court decision of Schnabel v. Tyler,230 Conn. 735, ___ A.2d ___ (1994). The defendants objected to the plaintiff's proposed amendment, but the court (Pickett, J.) overruled the defendants' objection.
The defendants now move to strike the third, fifth, sixth and seventh counts of the amended complaint. In support of their motion the defendants attached a memorandum of law. The plaintiff has timely filed a memorandum in opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of a complaint, or any count therein, to state a claim upon which relief can be granted. Practice Book Sec. 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 142.
The defendants argue that the third, fifth, and seventh counts of the amended complaint should be stricken because they fail to CT Page 2304 allege that the plaintiff was a member of a protected class or that the plaintiff was subject to treatment different than others similarly situated. In addition, the defendants contend that the sixth and seventh counts fail to allege any violations of governmental custom or policy, or that the violations were authorized or arose from such a custom or policy.
The plaintiff contends the he has sufficiently alleged equal protection violations based on the Connecticut Supreme Court's decision in Schnabel v. Tyler, supra, 230 Conn. 735. Additionally, the plaintiff argues that he has sufficiently alleged that the defendant Sabo was a policy maker who was delegated authority by the defendant city to make all decisions necessary to exercise his authority.
The Connecticut Supreme Court recently addressed the issue that is raised in this motion to strike. Schnabel v. Tyler, supra,230 Conn. 735. In Schnabel, the police chief of the town of Rocky Hill sued a Rocky Hill police officer seeking damages for defamation, and the officer counterclaimed seeking damages for a number of claims, including violations of his federal civil rights under 42 U.S.C. § 1983. Id., 736-37. The Sec. 1983 counts were predicated on violations of the officer's constitutional rights to free speech under the first amendment, and equal protection of the law under the fourteenth amendment to the United states constitution. Id., 737. The equal protection claim was based partially on allegations of unwarranted disciplinary proceedings. Id., 739-42, 764. A jury returned verdicts in favor of the officer on both the complaint and counterclaim, and the Appellate Court affirmed the trial court's denial of postverdict motions and rendering judgment on the verdicts. Id., 737; Schnabel v. Tyler,32 Conn. App. 704, 630 A.2d 1361 (1994).
In affirming the Appellate Court's decision, the Connecticut Supreme Court specifically addressed the issue of whether the officer's equal protection rights were violated "based on evidence that [a police officer] was singled out for different treatment from that received by other officers because of [the police chief's] bad faith intent to injure." Id., 761. In finding that there was clearly established law setting out such a right and that the evidence supported a finding of a violation of that right, the court stated the applicable rule of law:
 [Liability in the instant type of equal protection case should depend on proof that (1) the person, CT Page 2305 compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.
(Emphasis in original.) Id., 762, quoting LeClair v. Saunders,627 F.2d 606, 609-10 (2d Cir. 1980). Additionally, the court, once again quoting LeClair, stated that the "`malice bad/faith standard should be scrupulously met' when the discrimination does not involve classes of groups but individuals. `If [the public official] went after Mr. LeClair to get him, for any reason, then he should be liable.'" Schnabel v. Tyler, supra, 763, quoting LeClair v.Saunders, supra, 611.
The third count of the plaintiff's amended complaint is based on alleged violations of the plaintiff's equal protection rights. The court previously granted a motion to strike this count "because the plaintiff does not claim to be a member of a particular class, nor does he allege that the defendants discriminated against him because of his membership in an identifiable group." Columbia v.Sabo, supra, 9 CSCR 268. As Schnabel v. Tyler points out, however, an individual need not show that he falls into a suspect class or even into any classification whatsoever. Schnabel v. Tyler,230 Conn. 762. Instead, an individual can prove such a claim if the selective treatment was based on a "malicious or bad faith intent to injure." Id., 762-63. The third count alleges that the plaintiff was treated differently than other officers in his department by the defendant Sabo in regards to disciplinary matters, internal investigations, access to files, and other conduct. The plaintiff alleges that this differential treatment was designed to injure the plaintiff, and was based on an intent, without justification, to harass the plaintiff. Construing these allegations in a light most favorable to the plaintiff, the third count of the amended complaint sufficiently alleges a violation of the plaintiff's equal protection rights. Therefore, the motion to strike the third count is denied.
The fifth count of the amended complaint is an indemnification claim against the city based on the allegations of the third count. The defendants move to strike this count based on their argument that the third count is legally insufficient. Since the court finds the third count is legally sufficient, the motion to strike the fifth count is also denied. CT Page 2306
Additionally, the defendants' motion to strike the sixth count is denied. The court (Pickett, J.) previously denied a motion to strike this same count in its Memorandum of Decision Re: Motion to Strike (# 127). Columbia v. Sabo, supra, 9 CSCR 268-69. The plaintiff's amended complaint filed November 3, 1994 does not change any of the allegations that the court previously held stated a cause of action. Therefore, the motion to strike the sixth count is denied.
The motion to strike the seventh count of the amended complaint is also denied. Previously, the court granted the motion to strike the seventh count because this count is also based on the third count's allegations of equal protection violations. Columbiav. Sabo, supra, 268. Since the court now finds that the plaintiff has sufficiently stated an equal protection violation, the motion to strike cannot be granted on these grounds. Additionally, the allegations of the seventh count "are sufficient to suggest that the plaintiff will be able to prove that Sabo was a policy maker on behalf of the city of Torrington in respect to management of personnel in the police department. See Monell v. New York CityDepartment of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018,56 L.Ed.2d 622 (1978)." Columbia v. Sabo, supra, 269. Construing this count in a light most favorable to the plaintiff, "it can be concluded that Sabo's alleged harassment and discrimination represented official municipal policy, sufficient to hold the city of Torrington liable under Sec. 1983." Id.
For these reasons, the defendants' motion to strike the third, fifth, sixth, and seventh counts of the amended complaint is denied.
PICKETT, J.