[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This case arises out of certain business dealings between the plaintiff, World Cable Communications, Inc. ("World Cable") and the defendant, Philips Broadband Networks, Inc. ("Philips"), concerning the establishment of a cable television system in Poland. According to its Revised Complaint dated June 14, 1993, World Cable engaged Philips to give it expert advice on the design of the proposed system and to assist it in securing the necessary equipment for the proper functioning of that system.
In the First Count of its Revised Complaint, World Cable alleges that Philips was negligent and careless in the performance of its contractual obligations, all to the special loss and damage of World Cable. In the Second Count, World Cable claims that Philips negligently represented that it would give World Cable full and proper advice on the Polish cable television project and would secure for it the best equipment at the best price to accomplish the goals of the project. In the Third Count, World Cable alleges that by failing to give it proper advice on the project and to select appropriate hardware to CT Page 9346 meet the project's goals, Philips breached its contractual obligations.
Having made the foregoing allegations, World Cable repleaded them in its Fourth Count together with the following additional allegation:
 Further, upon information and belief, the defendant selected a source for equipment with which the defendant had a special relationship, not disclosed to the plaintiff, and which equipment was not the best equipment for the best price available to accomplish the plaintiff's stated goals.
Claiming that these activities, taken together, are against public policy, are immoral, oppressive, unscrupulous and unethical, and cause harm to consumers and other businesses, World Cable alleges that they violate the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.42-110a et seq.
Defendant Philips has moved this Court to strike the Fourth Count of the Revised Complaint on the ground that it fails to state a proper cause of action under CUTPA. For the following reasons, the defendant's Motion to Strike is granted.
 I.
The purpose of a motion to strike is to test the legal sufficiency of the allegations set forth in the challenged pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon such a motion, the Court must construe the facts "in a manner most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80, 82 (1980). "[A]ll well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Id. at 83. If, upon so reading and construing the challenged pleading, the Court determines that it sets forth any valid basis for sustaining the claim or cause of action therein alleged, then the Motion to Strike must be denied and the pleader must be left to her proof. Water Commissioners v. Robbins,82 Conn. 623, 633 (1910). Doyle v. AP Realty Corporation,36 Conn. Sup. 126, 127-129 (1980). CT Page 9347
 II.
To establish a CUTPA violation, a plaintiff who claims to have been the victim of an "unfair trade practice" must plead and prove facts which satisfy what has come to be known as the "cigarette rule." Noble v. Marshall, 23 Conn. App. 227,229-30 (1990).
 The cigarette rule consists of the following: (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public statutes, the common law, or otherwise — whether, in other words, it is a common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers . . . .
A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200,; 215 (1990); Conaway v. Prestia, 191 Conn. 484, 492-93
(1983). "A practice may be unfair because of the degree to which it meets one of the criteria [of the cigarette rule] or because to lesser extent it meets all three." Atlantic-Richfield Company v. Canaan Oil Company, 202 Conn. 234, 242 (1987), quoting McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,569 n. 15 (1984).
In support of its Motion to Strike, Philips argues that claims of simple negligence or simple breach of contract are insufficient as a matter of law to constitute CUTPA violations. For the plaintiff's Fourth Count to survive, it contends, the plaintiff must make more than merely conclusory allegations that the defendant's conduct was either immoral, unethical, unscrupulous or offensive to public policy. Specifically, he must demonstrate in his pleading that the practice of which he complains was "an actual deceptive practice" or "a practice amounting to a violation of public policy."
To these charges of nonspecificity, World Cable responds that the legal basis for its CUTPA claim is apparent on the face of its complaint. That claim, it explains, is that Phillips violated each prong of the "cigarette rule" when it failed to honor its commitment to select the best equipment for World Cable's project of the CT Page 9348 best prices by purchasing such equipment from a third-party supplier with which it maintained a special relationship. In its Memorandum of Opposition to Motion to Strike, it contends that
 "the complaint . . . alleges that [Phillips'] negligence was part of a scheme in which the defendant favored a source with which it had a special relation, thereby deceiving the plaintiff, and causing it to buy inferior equipment for a higher price. This is precisely the sort of deceptive practice which CUTPA was intended to guard against."
Id. at 2. Such a practice, it further argues, is both "immoral, unethical, oppressive and unscrupulous," id. at 3, and "harm[ful] to consumers and other businessmen." Id.
So presented, the plaintiff's argument proves too much. For while it can readly [readily] be concluded that intentionally inducing another to enter into a contract which one has no intention to honor because of a preexisting obligation to a third party is an actual deceptive practice, it is clear on the face of the complaint that this plaintiff has made no such allegation. Instead, it asks this Court to read into its Complaint certain essential allegations which simply are not there, either expressly or by necessary implication.
To begin with, it presents its claim as to the existence of a special relationship "on information and belief." Such an averment does not inspire great confidence that the pleader knows whereof it speaks.
Secondly, the plaintiff provides no explanation whatsoever of what it means by the term "special relationship. " Thus, though the intended effect of the pleading is to suggest that that relationship, because it is "special," is somehow illegal or improper, the words of the pleading itself do not give the Court any basis for drawing such a conclusion. Thirdly, the allegations of the plaintiff's complaint do not logically support the plaintiff's claim that the defendant supplied it with inferior equipment because of its decision to favor the third party with which it maintained a special relationship. All that is alleged is that the equipment CT Page 9349 actually came from the third party, that the "equipment was not the best equipment for the best price available to accomplish the plaintiff's stated goals," and that the third party and the defendant had an undisclosed special relationship. It is possible, to be sure, that the nature of the special relationship was such as to require the defendant to honor it by "selecting" its equipment there, whether or not it was "the best equipment to . . . accomplish the plaintiff's stated goals." It is also quite possible, however, that the special relationship had nothing to do with the defendant's decision to pick the third party as its supplier in this case, or that even if it did, that choice was entirely appropriate in view of the quality of equipment Phillips was accustomed to receiving from that source. Because the plaintiff has failed to so describe the defendant's alleged conduct as to demonstrate, without speculation or conjecture, that it was an actual deceptive practice or otherwise violative of the "cigarette rule," that portion of its Complaint which purports to state a CUTPA violation must be stricken.