[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 9, 1996
The plaintiff makes this claim against its insurer for indemnification for act of vandalism and malicious mischief done to its insured premises. In counts two and three of its amended complaint, the plaintiff's claims a breach of a duty of good faith and fair dealing (count two) and CUIPA and CUTPA violations (count three). The defendant has filed this motion to strike the second and third counts of the plaintiffs' amended complaint.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations or any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992); Practice Book § 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992). The court is not, however, bound to the legal conclusions contained in the complaint. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 215. CT Page 5409
 COUNT TWO — COVENANT OF GOOD FAITH AND FAIR DEALING
Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts. Buckman v. People Express,Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987). "It is manifest that . . . in every insurance contract there is an implied covenant of good faith and fair dealing . . . Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort."L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30,46, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886
(1986). "Good faith and fair dealing mean an attitude or state of mind denoting honestly of purpose, freedom from intention to defraud and generally speaking means faithful to one's duty or obligation . . . an honest intention not to take an unconscientious [sic] advantage of another . . ." Buckman v.People Express, Inc., supra, 205 Conn. 171 (quoting from trial court's jury instructions). "[T]he examination of good faith and fair dealing in the setting of an insurance claim requires a case-by-case analysis." Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). Moreover, "the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits." Puglio v. National Grange MutualIns. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303610 (October 12, 1993) (Maiocco, J.).
In the instant case, the second count recites that the defendant violated its covenant of good faith and fair dealing to the plaintiff's in that despite several demands having been made by the plaintiffs:
 The defendant on several occasions railed to acknowledge and act with reasonable promptness in response to communications from the plaintiff. Amended Complaint.2d Count, ¶ 12.
 The defendant failed on several occasions to conduct a reasonable investigation into this loss. Id., ¶ 13.
 The defendant on several occasions failed to promptly provide a reasonable explanation of the basis in the insurance policy for the denial of payment for the loss. Id., ¶ 14.
The defendant has refused to pay the monies due under CT Page 5410 the policy for this loss. Id., ¶ 15.
Construing the complaint most favorably to sustaining its sufficiency, the foregoing allegations set forth sufficient facts to support a claim for breach of the implied covenant of good faith and fair dealing. See Brothers v. American Home, Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995) (Hartmere, J., 15 CONN. L. RPTR. 4) (failure to conduct a reasonable investigation based on all the evidence available would raise a question as to whether the defendants acted in good faith); see also Candido v. Worcester Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No 343978 (April 18, 1995) (Gray, J., 14 CONN. L. RPTR. 73) (similar allegations sufficient to support a claim for breach of the covenant of good faith and fair dealing).
Accordingly, the Court will deny the motion to strike count two of the amended complaint.
COUNT THREE — CUIPA/CUTPA VIOLATION
In count three of the amended complaint, the plaintiffs allege that the defendant's conduct constitutes an unfair insurance practice in violation of the Connecticut Unfair Insurance Practices Act (CUIPA). General Statutes § 38a-816
(6)(b), (d), (e) and (f)[1] as well as a CUTPA violation under General Statutes § 42-110a.
"[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.)Lees v. Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282
(1994). "[T]he legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Id., 849.
Although when ruling on a motion to strike, the pleadings are read in the light most favorable to the pleader, an allegation based on "information and belief" does not inspire great confidence that the pleader knows whereof he speaks. World CableCommunications, Inc. v. Philips Broadband Networks Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521774 (November 2, 1993) (Sheldon, J., 8 CSCR 1201). CT Page 5411 Moreover, in ruling on a motion to strike, legal conclusions are not admitted. Mingachos v. CBS, Inc., supra, 196 Conn. 108. A pleading must fail if it contains only unsupported conclusions of law without the required underlying facts. Cavallo v. DerbySavings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
In the instant case, the third count incorporates the allegations set forth in paragraphs one through seventeen of the second count, alleging that the defendant engaged in multiple acts of misconduct with respect to the settling of the plaintiffs' insurance claim.[2] In paragraphs numbered twenty-two through twenty-seven of the third count, the plaintiffs' allege that "based on information and belief," the defendant has committed "on several other occasions other than the Plaintiff's claim" acts of insurer misconduct. Such bald allegations are properly seen as legal conclusions, particularly since the plaintiffs make no attempt to plead any facts identifying these "other occasions." See Ciarleglio v. Fireman's Fund Ins. Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 276028, 10 CONN. L. RPTR. 579 (December 16, 1993) (Fuller, J.). No facts are alleged necessary to establish an unfair pattern of general business practices by the defendant, as mandated by General Statutes § 38a-816 (6). Thus, the third count is legally insufficient because the plaintiffs failed to properly allege that the defendant engaged in unfair claim settlement practices with such frequency as to constitute a general business practice. See Grant v. Colonial Penn Ins. Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996) (Hauser, J., 16 CONN. L. RPTR. 49); Premier Roofing Co. v. Ins. Co. of North America,
Superior Court, judicial district of Danbury, Docket No. 312438, 13 CONN. L. RPTR. 544 (March 3, 1995) (Leheny, J.); Rotz v.Middlesex Mutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995) (Hauser, J., 13 CONN. L. RPTR. 324).
Additionally, "[a] plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violale CUIPA where the alleged misconduct is related to the insurance industry." Waugh v. Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244236 (January 5, 1995) (Silbert, J.), citing Mead v. Burns, 199 Conn. 651,663-66, 509 A.2d 11 (1986). Therefore, the plaintiffs' CUTPA claim also fails as it is legally insufficient. CT Page 5412
Accordingly, the court will grant the motion to strike the third count of the amended complaint.